UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT ALLEN, JR., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   Civil Action No.  1:22-cv-01344 (UNA) |
| | ) |
| DANIEL EK, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff Kent Allen, Jr., a resident of Miami, Florida, sues his father, Kent Allen, Sr., who he indicates lives at the same address. He also sues the CEO of Spotify, who plaintiff merely indicates is located at either his own home address, or in "New York," and recording artist, Kiari Cephus, who plaintiff merely indicates is located in "Georgia." Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.

Plaintiff alleges that Cephus "caused damages by not communicating about business name and ideas of Spotify when he left from Florida to Georgia." He further states that "continually [he] looked for ways to get in reach with the individual but wasn't able to [be] successful." He demands anywhere from $500,000 to $1,250,000 in damages.

Put simply, the complaint consists of a random collection of statements without clarity or particularity. Plaintiff provides no factual context or information to connect the named defendants or to make out any discernible claim, or any basis for jurisdiction or venue. An order consistent with this memorandum opinion is issued separately.

Dated: May 31, 2022

TREVOR N. McFADDEN  
United States District Judge